UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br> vs.<br><br>KATRINA PAULINE SHANGREAUX,<br>a/k/a KATRINA WHITE WHIRLWIND,<br>and SONYA DUBRAY,<br><br>                Defendants. | CR. 16-50100-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Sonya Dubray filed a motion to sever her trial from that of her codefendant Katrina Shangreaux. (Docket 65). Ms. Shangreaux does not oppose Ms. Dubray's motion to sever. (Docket 70). The government filed its response resisting Ms. Dubray's motion. (Docket 74). Ms. Dubray submitted a reply brief. (Docket 77).

Ms. Shangreaux and Ms. Dubray were indicted as co-defendants for the killing of two-year-old K.S on July 28, 2016. (Dockets 1-1 & 24). Ms. Dubray is Ms. Shangreaux's mother, and K.S. was Ms. Shangreaux's son. (Docket 1-1 at pp. 2-3). The superseding indictment against Ms. Shangreaux and Ms. Dubray consists of eight counts. (Docket 24). Counts one through four name Ms. Shangreaux only. Id. at pp. 2-3. Those charges include: count one, first degree murder; count two, assault resulting in serious bodily injury of a minor; count three, felony child abuse—aggravated battery of an infant; and count

four, felony child abuse and neglect. Id. Counts five through eight advance charges against Ms. Dubray only. Id. at pp. 3-5. Those charges are: count five, tampering with evidence; count six, accessory to first degree murder; count seven, false statement; and count eight, misprision of a felony. Id.

**DISCUSSION**

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." These rules are to be 'liberally construed in favor of joinder.'" Id. (quoting United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)). The United States Court of Appeals for the Eighth Circuit instructs "[j]oinder must be viewed on a case by case basis." Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966).

"The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (internal citations omitted), overruled on other grounds by United States v. Gardner, 447 F.3d 558, 560-61 (8th Cir. 2006); see also United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) ("An indictment must reveal on its face a proper basis for joinder.").

1. **Federal Rule of Criminal Procedure 8**

Federal Rule of Criminal Procedure 8 provides:

> (b) Joinder of Defendants. The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or

2

> transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

Ms. Dubray argues Rule 8 is not met because the crimes charged against Ms. Shangreaux and Ms. Dubray are "crimes of a different nature and time." (Docket 66 at p. 4). While Ms. Shangreaux "is charged with killing her son[,]" Ms. Dubray highlights she faces charges for "tampering with evidence of the killing, lying to police about whether the child was potty trained, and assisting her daughter in avoiding arrest." Id.

The government contends the defendants' "behavior was so intertwined as to be the 'same act' or 'series of acts.'" (Docket 74 at p. 3). In explaining what the government "anticipates the evidence will show[,]" the government points out Ms. Dubray did not "arrive[] later, when the crime was complete, [to] clean[] up." Id. at p. 2. The government asserts Ms. Dubray "was right in the middle of the scene while the abuse was ongoing, including when the [defendants] delayed in calling authorities . . . ." Id. at pp. 2-3. Quoting the Eighth Circuit, the government states Rule 8 "requires that there be some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that every defendant have participated in each act or transaction of the series." Id. at p. 3 (quoting United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986) (internal quotation marks omitted)).

Ms. Dubray's reply claims Rule 8 is not satisfied because the only connection between her charges and Ms. Shangreaux's is that Ms. Dubray was

3

"in the home when the crime occurred . . . ." (Docket 77 at p. 3). Ms. Dubray asserts the government's reliance on Andrade is misplaced because Andrade was a conspiracy linking codefendants and conspiracy is not an aspect of this case. Id. at p. 4 n.2.

"Federal Rule of Criminal Procedure 8(b) permits joinder of defendants 'if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses.' " United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) (quoting Fed. R. Crim. P. 8(b)). "Rule 8(b) is construed liberally." Id. (citing United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989)). "Rule 8(b) has been interpreted to require some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that every defendant have participated in or be charged with each offense." United States v. O'Connell, 841 F.2d 1408, 1432-33 (8th Cir. 1988). "Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir. 1982); see United States v. Bradley, No. CR. 09-50029-02, 2010 WL 346384, at *2 (D.S.D. Jan. 22, 2010) (quoting this holding from Bledsoe).

The court finds joinder of Ms. Dubray and Ms. Shangreaux is consistent with Rule 8(b). All of Ms. Shangreaux's charges relate to her killing K.S. (Docket 24 at pp. 2-3). Each charge Ms. Dubray faces connects to K.S.'s death

and Ms. Dubray's actions during the immediate aftermath on July 28, 2016. Id. at pp. 3-5. The scheme set out in the indictment consists of Ms. Shangreaux inflicting damage on K.S. resulting in his death and Ms. Dubray taking actions to prevent Ms. Shangreaux from being held responsible. Id. Specifically, count five asserts Ms. Dubray tampered with evidence by cleaning the murder scene. Id. at p. 3. Count six claims Ms. Dubray was an accessory to murder. Id. at p. 4. Count seven alleges on the day of K.S.'s death Ms. Dubray lied to federal agents investigating Ms. Shangreaux's treatment of K.S. Id. And count eight claims Ms. Dubray concealed K.S.'s death from law enforcement. Id. at pp. 4-5.

There is no conspiracy allegation here, but the situation includes "facts . . . alleged which at least suggest the existence of an overall scheme" concerning Ms. Shangreaux and Ms. Dubray's treatment of K.S. Bledsoe, 674 F.2d at 656-57. As alleged in the indictment, "the actions of the defendants are factually interrelated[]" because Ms. Shangreaux did the killing and Ms. Dubray attempted to cover it up. United States v. Tremusini, No. 4:10CR83, 2010 WL 2978097, at *1 (E.D. Mo. May 12, 2010), report and recommendation adopted, No. 4:10 CR 83, 2010 WL 2978093 (E.D. Mo. July 23, 2010).

2.    **Federal Rule of Criminal Procedure 14**

"Under Rule 14, a district court may sever a defendant's trial from the trial of co-defendants if it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants in an indictment . . . or by such joinder for trial together." Darden, 70 F.3d at 1527 (internal quotation marks and

5

brackets omitted). "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial." Id. (citations omitted). The preference for joinder may be overcome only if a defendant "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (internal quotation marks and citations omitted).

"To show real prejudice, the defendant must establish that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.' " United States v. Davis, 534 F.3d 903, 916-17 (8th Cir. 2008) (quoting United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004)); see also United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) ("In a ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a motion for severance, the necessary prejudice must be severe or compelling.") (internal quotation marks and citations omitted). "Only in an unusual case will any prejudice resulting from the ability of a jury to separate evidence be 'substantial enough to outweigh the general efficiency of joinder.' " United States v. Martin, 777 F.3d 984, 995 (8th Cir. 2015) (quoting United States v. Al-Esawi, 560 F.3d 888, 891 (8th Cir. 2009)).

"In order to show prejudice, a defendant must establish something more than the mere fact that his chance for acquittal would have been better had he

6

been tried separately. [The defendant] must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial." United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (internal quotation marks and citations omitted). "Disparity in the weight of the evidence between the codefendants is not a sufficient reason for severance." United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996) (citations omitted).

"[T]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." Shivers, 66 F.3d at 940 (internal quotation marks and citations omitted). "[T]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable. . . . Put simply, mere hostility between defendants or one defendant's attempt 'to save himself at the expense of another' codefendant is not a sufficient ground to require severance." Id. (quoting United States v. Boyd, 610 F.2d 521, 526 (8th Cir. 1979)); see also United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) ("The mere fact that defendants are apparently hostile to one another is not grounds for severance.").

Ms. Dubray argues severing the case is proper under Rule 14 because keeping the defendants together does not promote judicial economy and the jury will not be able to compartmentalize the evidence connected to each defendant. (Docket 66 at pp. 4-5). According to Ms. Dubray, separating the defendants is consistent with conserving judicial resources because "trial will be fairly short considering the limited amount of evidence produced by the Government compared to the extreme amount of prejudice to Ms. Dubray of a

7

joint trial." Id. at p. 4. The jury will be unable to compartmentalize a joint trial's evidence in Ms. Dubray's view because "the jury will consider shocking evidence of the cause and manner of her grandson's death . . . ." Id. at p. 5. That evidence "will influence [the jury's] determination of Ms. Dubray's guilt or innocence of completely separate charges arising after the boy had died." Id.

On judicial economy, the government highlights the "strong preference for joint trials of defendants who are indicted together[]" and argues Ms. Dubray "fail[s] to establish a specific prejudice sufficient to outweigh the presumption" in favor of a joint trial. (Docket 74 at pp. 7-8). As to the jury compartmentalizing evidence, the government states the evidence on Ms. Shangreaux's actions toward K.S. may be more "shocking and disturbing[,]" but that does not mean the evidence is "necessarily stronger." Id. at p. 4. Because Ms. Shangreaux's charges generally function as predicates to Ms. Dubray's, the government explains separate trials would require it "to set forth all the evidence against both [Ms. Dubray and Ms. Shangreaux] in order to prove the charges against [Ms. Dubray.]" Id. at p. 5. The government claims the court could "alleviate any concerns about the jury compartmentalizing the evidence[]" in a joint trial through crafting instructions to the jury. Id. at p. 4.

The question is whether this is the " 'unusual case' in which the efficiency of joinder would [be] outweighed by difficulty for the jury to analyze separately the evidence against each individual defendant." United States v. Benedict, 855 F.3d 880, 885 (8th Cir. 2017) (quoting Martin, 777 F.3d at 995). Ms. Dubray has a point that the potential evidence of Ms. Shangreaux's killing

8

of K.S. may shock the jury.  (Docket 77 at pp. 4-5).  But other than stating that evidence will serve to prejudice Ms. Dubray, she does not specify exactly how she would suffer prejudice.  "Severance is not required 'simply because the evidence may have been more damaging against one [defendant] than the others.'"  United States v. Noe, 411 F.3d 878, 886 (8th Cir. 2005) (quoting United States v. Garcia, 785 F.2d 214, 220 (8th Cir. 1986)).  "To prevail on such a claim a defendant must show prejudice to a specific trial right or that a joint trial would not enable the jury to make a 'reliable judgment about guilt or innocence.'"  Benedict, 855 F.3d at 885 (quoting United States v. Dierling, 131 F.3d 722, 734 (8th Cir. 1997)).  Ms. Dubray's assertions about the disturbing evidence that may come in about Ms. Shangreaux killing K.S. do not "show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." Clay, 579 F.3d at 927.

The temporal distinction between Ms. Shangreaux's and Ms. Dubray's conduct supports finding the prejudice in a joint trial would not be significant. All of Ms. Shangreaux's actions underlying her charges occurred before and up to K.S.'s death.  (Docket 24 at pp. 2-3).  In contrast, Ms. Dubray's indicted conduct relates to the aftermath of K.S.'s death.  Id. at pp. 3-5.  This straightforward distinction in time between the alleged offenses cuts against Ms. Dubray's argument that the jury would not able to separate out the evidence against her and Ms. Shangreaux.  "This does not appear to be a complex case or one in which a jury is likely to be confused and incapable of properly 'compartmentalizing' the evidence."  United States v. Collins, 240 F. Supp. 2d 1078, 1081 (D.S.D. 2002) (quoting Bordeaux, 84 F.3d at 1547).  Even

9

if there was a greater risk of prejudice, the court could cure it with "limiting jury instructions that each defendant is entitled to have [her] case decided solely on the evidence which applies to [her], and that the jury must give separate consideration to the evidence about each individual Defendant." Benedict, 855 F.3d at 885 (internal quotation marks omitted).

This is not the "unusual case" where prejudice overrides joinder's efficiency. Martin, 777 F.3d at 995. The court finds joinder of Ms. Shangreaux and Ms. Dubray consistent with Rule 14.

### 3. Confrontation Clause

"The Confrontation Clause of the Sixth Amendment [of the United States Constitution] guarantees the right of a criminal defendant to be confronted with the witnesses against him." Cruz v. New York, 481 U.S. 186, 189-90 (1987) (internal quotation marks omitted). In Bruton v. United States, the United States Supreme Court held "the admission at a joint trial of a nontestifying defendant's statement inculpating a co-defendant violates the co-defendant's Confrontation Clause rights, notwithstanding a curative instruction." United States v. Dale, 614 F.3d 942, 955 (8th Cir. 2010) (citing Bruton v. United States, 391 U.S. 123, 135-36 (1968)). "Bruton's prohibition applies only when the declarant co-defendant does not testify at trial." United States v. Coco, 926 F.2d 759, 761 (8th Cir. 1991).

Ms. Dubray argues a joint trial will violate her right under the Confrontation Clause. (Docket 66 at p. 6). Since Ms. Shangreux allegedly made statements inculpating Ms. Dubray, Ms. Dubray claims there would be a Bruton problem because Ms. Shangreaux may invoke her right against self-

10

incrimination and Ms. Dubray could not adequately confront Ms. Shangreaux's statements if admitted.[1]  Id.  The government asserts the court may resolve any potential Bruton problem by redacting portions of Ms. Shangreaux's statement inculpating Ms. Dubray.  (Docket 74 at p. 8).

The court has not been provided with Ms. Shangreaux's statements and does not know whether Ms. Shangreaux will testify at trial.  If Ms. Shangreaux chooses to testify, she will be subject to cross-examination by Ms. Dubray's attorney.  See Coco, 926 F.2d at 761.  If Ms. Shangreaux invokes her Fifth Amendment right against self-incrimination and does not testify, her statement concerning Ms. Dubray may be amenable to redactions to sufficiently exclude anything that would inculpate Ms. Dubray.  See United States v. Straker, 800 F.3d 570, 600-01 (D.C. Cir. 2015) (detailing how a court can redact a statement to avoid a Bruton issue).  With the limited information before the court at this time, the court finds no Bruton problem requiring severance.

## ORDER

Based on the above analysis, it is

ORDERED that Ms. Dubray's motion to sever (Docket 65) is denied and a scheduling order will be entered.

Dated September 13, 2017.

> BY THE COURT:
>
> /s/ *Jeffrey L. Viken*
> JEFFREY L. VIKEN
> CHIEF JUDGE

---

[1]The court notes Ms. Dubray dedicates two sentences in her opening brief to Bruton and does not address Bruton in her reply brief after the government provided a full response.  (Dockets 66 at p. 6 & 77).