UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATRINA PAULINE SHANGREAUX,<br><br>Defendant. | 5:16-CR-50100-KES-1<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Katrina Shangreaux filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 246. The Federal Public Defender's office submitted a supplement on Shangreaux's behalf. Docket 248. Plaintiff, the United States of America, opposes Shangreaux's motion. Docket 249. For the following reasons, Shangreaux's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the

court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Shangreaux's Guideline range, based on a total offense level of 39 and a Criminal History Category of III, was 324-405 months in custody. Docket 141 at 1. Shangreaux received two "status points" for committing her offense while under any criminal justice sentence. Docket 128 at 10. On July 17, 2018, the court upward departed and varied above the guideline range and sentenced Shangreaux to 480 months in custody for second degree murder. Docket 140; Docket 141 at 2-3.

On March 18, 2024, Shangreaux filed a motion requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines. Docket 247. She cites amendments related to "zero-criminal history," as well as those related to "status points." *Id.* at 1-2. Shangreaux states the court imposed a sentence of 480 months, which was approximately 18.5 percent above the top of the then-applicable guideline range. Docket 248 at 4. Now she requests a

total sentence of no more than 433 months, which is 18.5 percent above the top of the amended guideline range. *Id.* Because it is not clear which provision Shangreaux relies upon, the court will analyze her motion under both amendments.

**I.      U.S.S.G. § 4A1.1(e)**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with amended U.S.S.G. § 4A1.1(e) and the analysis set forth in *Dillon*, Shangreaux meets the criteria for such a reduction. With that reduction, she receives no status points, which results in her having a total of 3 criminal history points. That change places her in Criminal History Category II and reduces the advisory Guideline range to 292 to 365 months in custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

3

"Once a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." *United States v. Burnell*, 2 F.4th 790, 792 (8th Cir. 2021) (citing *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020)). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

Courts are directed under § 1B1.10 to "consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). The court may consider all pertinent information in applying the § 3553(a) factors and determine whether and by how much to reduce a defendant's sentence. In particular, the court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. *See United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018) (opining "nothing prohibits a court from considering new facts that it had no opportunity to address the first time around").

Application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant

4

in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b). *Id.*

Shangreaux's Inmate Discipline Data show a number of disciplinary problems. Docket 247. On January 9, 2024, she was sanctioned for receiving money from another inmate's family member at the request of the inmate. *Id.* at 1. On January 5, 2024, she received a sanction for using another inmate's phone account. *Id.* She was sanctioned on July 1, 2022, for assaulting another inmate without serious injury. *Id.* She received another sanction for possessing a non-hazardous tool on August 5, 2021. *Id.* at 2. And she was sanctioned for fighting with another person on September 26, 2018. *Id.*

The phone abuse, assault, and fighting incidents all are considered "200"- level offenses, meaning they are considered "High Severity Level Prohibited Acts." Bureau of Prisons, Inmate Discipline Program (July 8, 2011), available at https://www.bop.gov/policy/progstat/5270_009.pdf, at 2; at 45-48, Table 1 (listing Prohibited Acts and Available Sanctions, including "201"—fighting, "224—assault, and "297"—telephone abuse, as "High Severity Level Prohibited Acts"). The rest of the conduct was at the "300"-level, which is conduct listed as "Moderate Severity Level Prohibited Acts." *See id.* at 49-52 (listing "328"— giving/receiving money to or from another inmate, and "331"— posing a nonhazardous tool, as "Moderate Severity Level Prohibited Acts").

When analyzing Shangreaux's post-conviction conduct in light of the factors listed in 18 U.S.C. § 3553(a), the court finds that the relevant information indicates Shangreaux has continued with criminal conduct in the

5

prison context. In reviewing the circumstances of the offense and Shangreaux's history and characteristics under § 3553(a)(1), it is clear her criminal behavior continued even after conviction, inside a BOP facility, from September 2018 through at least December 2023. Because a court must consider the need for the sentence imposed to "promote respect for the law," that the sentence must "reflect the seriousness of the offense," "provide just punishment for the offense," and "afford adequate deterrence to criminal conduct," as well as to protect the public from further crimes, *see* § 3553(a)(2)-(4), it is appropriate to deny Shangreaux's motion and require her to complete the above-Guidelines-range sentence the sentencing court initially imposed. Based on the considerations outlined above, Shangreaux's request for a reduction in sentence is denied.

## II.    U.S.S.G. § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or

6

Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Shangreaux fails to meet the criteria for zero-point offenders for two reasons. First, she had 5 criminal history points. Docket 128 at 10. Second, her offense of conviction resulted in death. *Id.* at 4-5. Thus, the amendment to U.S.S.G. § 4C1.1 does not apply to her sentence.

## CONCLUSION

It is ORDERED that Shangreaux's motion (Docket 246) is DENIED.

Dated May 1, 2024.

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE