UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>KATRINA PAULINE SHANGREAUX,<br><br>  Defendant. | 5:16-CR-50100-KES-1<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

Defendant, Katrina Shangreaux, moves for reconsideration of the court's order denying her request for a reduction to her sentence under 18 U.S.C. § 3582(2). Docket 251. For the following reasons, Shangreaux's motion for reconsideration is denied.

## DISCUSSION

On March 18, 2024, Shangreaux filed a motion requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines. Docket 246. She cited amendments related to "zero-criminal history," as well as those related to "status points." *Id.* at 1–2. In the supplement filed on Shangreaux's behalf by the Federal Public Defender's office, Shangreaux stated the court imposed a sentence of 480 months, which was approximately 18.5 percent above the top of the then-applicable guideline range. Docket 248 at 4. In her motion for a sentence reduction, Shangreaux requested a total sentence of no more than 433 months. *Id.*

On April 24, 2024, the United States filed a response to Shangreaux's

motion for a sentence reduction. Docket 249. The United States opposed Shangreaux's motion and argued that although Shangreaux was eligible for a sentence reduction, consideration of the 18 U.S.C. § 3553(a) factors showed that release was not appropriate. *See id.* at 3, 6–7.

On May 1, 2024, the court issued an order denying Shangreaux's motion. Docket 250. Because it was not clear which provision Shangreaux relied upon, the court analyzed Shangreaux's motion under both Parts A and B to Amendment 821 to the Sentencing Guidelines and found that she met the criteria for a sentence reduction under Part A, which altered the "status points" provision regarding criminal history. *See id.* at 3. Shangreaux's original Guideline range, based on a total offense level of 39 and a Criminal History Category of III, was 324–405 months in custody. Docket 141 at 1. Shangreaux received two "status points" for committing her offense while under any criminal justice sentence. Docket 128 at 10. Under the amended guidelines, the court found that Shangreaux would have received no status points, and thus her advisory Guideline range today would be 292–365 months in custody. *See* Docket 250 at 3. Thus, Shangreaux cleared the § 3582(c)(2) analysis at step one.

At step two, the court considered the factors set forth in 18 U.S.C. 3533(a) and found that Shangreaux's post-conviction conduct in prison militated against a sentence reduction. *See id.* at 5. The court considered Shangreaux's Inmate Discipline Data and found that she had committed three 200-level offenses, which are considered "High Severity Level Prohibited Acts"

2

by the Bureau of Prisons (BOP). *See id.* at 5. It found that because "her criminal behavior continued even after conviction, inside a BOP facility," a sentence reduction would not meet the goals of § 3553(a).

Shangreaux now moves for reconsideration of the court's order denying her motion. Docket 251. Shangreaux raises that under Standing Order 23-04, Shangreaux had 14 days to file a reply to the government's April 24, 2024, response to her motion, but the court entered its order denying her motion on May 1, 2024, before the 14-day period elapsed. *See id.* at 2.

Standing Order 23-04 states that "the [Federal Public Defender] may file a reply brief within 14 days" of the U.S. Attorney's Office's response to a supplemental briefing by the Federal Public Defender (FPD). *See* Standing Order 23-04 ¶ 4. Here, the court's order was entered 7 days following the United States Attorney's Office's response to the FPD's supplemental briefing, and thus, the full period within which the FPD was permitted to file had not elapsed. Thus, the court will consider the arguments presented by Shangreaux in the motion for reconsideration.

Shangreaux contends in her motion for reconsideration "that the § 3553(a) factors and Shangreaux's post-sentencing conduct, taken as a whole, support a reduction in sentence." *See* Docket 251 at 2. She notes the weight the court placed on her history while in custody and asserts that "[t]o deny a sentence reduction *in total* based on Shangreaux's conduct in BOP custody levies a punishment significantly greater than deemed necessary by the BOP and thus disproportionately weighs Shangreaux's post-sentencing conduct." *Id.*

3

at 3.

The court, in analyzing Shangreaux's disciplinary history, did not levy a punishment greater than that deemed necessary by the BOP. Rather, it considered all of the data available in order to determine the level of risk posed by Shangreaux to the public, and whether a sentence reduction would "protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2)(C). Shangreaux has continued to show a pattern of violence while in custody, and thus the court concludes that a sentence reduction would not protect the public from further crimes by Shangreaux. *See* Docket 247 at 1–2.

Shangreaux also argues that her past victimization and nonviolent criminal history are mitigating factors that support her motion. Docket 251 at 3–4. In addition, she points to her efforts at rehabilitation while in custody. *See id.* at 5. With regard to her claim that she has a nonviolent criminal history, the court notes that her conviction here is for Second Degree Murder. Docket 140 at 1. She killed K.S., who was 3 years of age, by repeatedly kicking him in the head and abdomen, hitting him with a belt, biting him and causing injury to his scrotum. Docket 128 at 4. K.S. had bruising over 70% of his body. Docket 202 at 4. The judge who imposed the sentence stated that the murder involved a "horrific, intentional infliction of pain; totally gratuitous; totally degrading" and concluded that the murder was "a horrific, torturous, depraved, humiliating death for [K.S.]." *Id.* While Shangreaux's history and characteristics lend some support for her motion, they do not outweigh the need for the sentence to protect the public from further crimes committed by her. *See* 18

4

U.S.C. § 3553(a)(2)(C). Until Shangreaux demonstrates a continued pattern of nonviolence to accompany her efforts at rehabilitation, the court cannot be confident that a sentence reduction will serve the goals of § 3553(a).

Shangreaux also does not qualify for a sentence reduction because the sentencing judge did not rely on the guidelines in arriving at her sentence. The sentencing judge varied from the guidelines due to the extreme offense conduct and the need for the sentence to achieve the statutory sentencing purposes set forth at 18 U.S.C. § 3553(a), including the avoidance of unwarranted sentencing disparities. *See* Docket 141 at 3. Thus, a retroactive change to Shangreaux's sentencing guideline range would not impact her sentence.

Because a court must consider the need for the sentence imposed to "promote respect for the law," that the sentence must "reflect the seriousness of the offense," "provide just punishment for the offense," and "afford adequate deterrence to criminal conduct," as well as to protect the public from further crimes, *see* § 3553(a)(2)–(4), Shangreaux's motion for reconsideration is denied. The sentence initially imposed reflects the seriousness of this offense and is consistent with sentences imposed for similar crimes. Based on the considerations outlined above, Shangreaux's request for reconsideration is denied.

## CONCLUSION

It is ORDERED that Shangreaux's motion (Docket 251) is DENIED.

Dated May 22, 2024.

                BY THE COURT:

                */s/ Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE